UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN HERZOG,

                Plaintiff,

      -against-

RAHF IV GOODWILL TERRACE, LLC and
ROSE PROPERTY MANAGEMENT GROUP
LLC,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   2/5/2026
```

25 Civ. 8702 (AT)

**ORDER**

ANALISA TORRES, District Judge:

In October 2025, Plaintiff commenced this action alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.* and the New York City Human Rights Law ("NYCHLR"), New York City Administrative Code § 8-101 *et seq.* *See* Compl., ECF No. 1. Two months later, Defendants moved to transfer this action to the Eastern District of New York ("Eastern District") pursuant to 28 U.S.C. § 1404(a). *See* Mot., ECF No. 30; *see also* Def. Ltr., ECF No. 19. Plaintiff opposes the motion. *See* Pl. Ltr, ECF No. 23; Opp., ECF No. 31. For the reasons stated below, Defendants' motion is DENIED.

Under 28 U.S.C. § 1404(a), a district court may decide to transfer an action to another district in the interest of justice and for the convenience of the parties and witnesses. "Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Chandler v. Skipper*, No. 24 Civ. 206, 2025 WL 2442890, at *7 (N.D.N.Y. Aug. 25, 2025) (citation omitted). A district court has broad discretion in deciding motions to transfer under § 1404(a). *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992). Courts in this Circuit consider the following non-exhaustive factors:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013).

The Court finds that the factors do not weigh in favor of transfer to the Eastern District. The Court gives deference to the plaintiff's choice of forum. *See Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 650 (S.D.N.Y. 2008). The remaining factors are largely neutral with respect to

this action. "Given the proximity between the Eastern and Southern Districts, the convenience factors"—such as the convenience for witnesses and the parties— "are neutral." *E. Coast Plastic Surgery, P.C. v. Aetna Health & Life Ins. Co.*, No. 22 Civ. 5820, 2025 WL 2042529, at *2 (E.D.N.Y. July 21, 2025); *see also* Pl. Ltr. at 4 (observing that depending on the route, the building at issue in this action is closer to the Southern District courthouse than to the Eastern District courthouse). The Eastern and Southern Districts also have the same availability of process to compel witnesses, and there is no reason to believe that either district is more familiar with the requirements of the FHA or the NYCHRL.

As to the location of documents and locus of operative facts, the parties dispute to what extent these factors weigh in favor of transfer, if at all. The Court finds that these factors are neutral as well. Defendants note that Mr. Herzog lives in the Eastern District, the building at issue in this action is in the Eastern District, and "all relevant documents are located in Queens." Def. Ltr. at 3; Mot. at 2. However, Defendants' principal offices are located in the Southern District, and as are the offices of several of the relevant corporate officers. *See* Pl. Ltr. at 3; *see also* Property Registration, ECF No. 23-1. Moreover, Mr. Herzog "sent each of his reasonable accommodation letter requests—some of the main documents in this case—directly to Defendants' offices in New York County." *See* Pl. Ltr. at 3; *see also* Reasonable Accommodation Letters, ECF No. 31-1 (addressed to offices located in the Southern District). Indeed, Mr. Herzog complains of "decisions made by the head officers or others in control" of the building, not "Defendants' staff [in Queens] who provide maintenance to the subject building." Opp. at 2.

Finally, "[a]lthough the case is still in its early stages, a transfer would if anything delay resolution of this dispute as a new court familiarized itself with the facts of this case." *Smith v. Ouimet*, No. 16 Civ. 184, 2016 WL 3020825, at *4 (S.D.N.Y. May 19, 2016) (citation omitted). In such circumstances, the Court respects Plaintiff's choice of venue and DENIES Defendants' motion to transfer the case pursuant to 28 U.S.C. § 1404(a).

By **February 13, 2026,** the parties shall file their supplemental joint letter and case management plan. *See* ECF No. 32. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 30 and 32.

SO ORDERED.

Dated: February 5, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge

2